**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHAEL A TULIPAT,

        Plaintiff,

vs.

JOSEPH LOMBARDO,

        Defendant.

Case No. 2:20-cv-01738-JAD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1)

Before the Court are pro se plaintiff Michael A Tulipat's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Tulipat's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

Tulipat's filings present two questions: (1) whether Tulipat may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Tulipat's complaint states a plausible claim for relief.

**I.  Whether Tulipat May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he has no wages or assets, and that he has about $8,181.37 in savings. (*Id*.) Plaintiff's application to proceed in forma pauperis is granted.

**II.     Whether Tulipat's Complaint States a Plausible Claim**

     **a. Legal Standard**

Because the Court grants Tulipat's application to proceed *in forma pauperis*, it must review Tulipat's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

     **b. Plaintiff's Complaint**

Tulipat's complaint alleges that the Las Vegas Metropolitan Police Department employed him as an intern, but it discriminated against him based on race (Tulipat identifies as brown in his complaint) when it did not later hire him. (ECF No. 1-1 at 4). Tulipat alleges that the HR director told him that he

needed to have his tattoo removed, but the LVMPD posted a picture on its social media of a white male officer in uniform with a visible tattoo. (*Id*.). Tulipat also alleges that the LVMPD initially disqualified him because of adolescent drug experimentation, but later reversed its decision and allowed him to apply. (*Id*.) Tulipat alleges that when one of the detectives tried to coerce him into withdrawing his application, he complained about the detective to internal affairs. (*Id*.) Tulipat alleges that after he complained, the LVMPD reversed its decision about past drug use again and disqualified him from applying to future positions. (*Id*.) Tulipat attached a copy of his right to sue letter from the U.S. Equal Employment Opportunity Commission (*Id*. at 7) and he filed this lawsuit within 90 days of receiving his right to sue letter.

Tulipat brings claims for (1) racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964; (2) racial discrimination pursuant to NRS 613.330, *et seq*.; (3) violation of the whistleblower protection act of 1989; (4) violation of the Genetic Information Nondiscrimination Act (GINA); (5) violation of state law regarding genetic information nondiscrimination pursuant to NRS 613.345.

The Court has jurisdiction over plaintiff's claims, as they arise under federal law. 28 U.S.C. § 1331. Title VII states it is unlawful for employers to discriminate based on race. 42 U.S.C. § 2000e-2(a). Title VII makes it unlawful for an employer to "fail or refuse to hire . . . any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's…race." 42 U.S.C. § 2000e-2(a)(1). "To establish a *prima facie* case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the

plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). NRS 613.330 provides that, "it is an unlawful employment practice…[t]o fail or refuse to hire or to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her race…"

"To establish a prima facie case of retaliation, a plaintiff "must establish that (1) he undertook a protected activity under Title VII, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between those two events." *McGill v. McDonald*, 237 F. Supp. 3d 1049, 1056 (D. Nev. 2017) (quoting *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003), *as amended* (Jan. 2, 2004)).

GINA defines "genetic information" as (1) an individual's genetic tests; (2) the genetic tests of the individual's family members; (3) the manifestation of a disease or disorder of the individual's family members; (4) an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or the individual's family member; and (5) the genetic information of a fetus. See 42 U.S.C. § 2000ff(4)(A); see also 29 C.F.R § 1635.3(c). Pursuant to NRS 613.345, is an unlawful employment practice for an employer, (1) to ask or encourage a prospective or current employee or member of the labor organization to submit to a genetic test, (2) to require or administer a genetic test to a person as a condition of employment or membership in the labor organization, (3) to deny employment or membership in the labor organization based on genetic information, (4) to alter the terms, conditions or privileges of employment or membership in the labor organization based on genetic information, (5) to terminate employment or membership in the labor organization based on genetic information.

The Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (1989), prohibits the taking or failing to take a personnel action with respect to an employee because of any disclosure of

information by an employee which the employee reasonably believes evidences gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C.S. § 2302(b)(8)(A)(ii).

Plaintiff has alleged that he belongs to a protected class.[1] Plaintiff has also alleged that he suffered an adverse employment action (that the LVMPD did not hire him) and he has alleged that the LVMPD treated officers who are not in a protected class differently (i.e. he alleges that the LVMPD's stated reason for not hiring him, that he had a visible tattoo, was a pretext). Plaintiff, however, has not pled any facts regarding when the LVMPD employed him as an intern or whether he performed his job satisfactorily. The plaintiff alleges that the LVMPD, and individuals employed by the LVMPD, discriminated against him, but only Sheriff Lombardo is listed in the caption. Construing plaintiff's claims liberally since he filled out the court approved form that has limited space, made specific allegations against the LVMPD, and listed the individual defendants in his complaint, the Court finds that the plaintiff has stated a tenable failure to hire claim under Title VII against the LVMPD and the individual defendants. Thus, plaintiff's Title VII claim pay proceed. The Court orders that the Clerk include the LVMPD and the individual defendants that plaintiff lists in his complaint in the caption.[2]

Regarding retaliation, it is not clear from plaintiff's complaint if he was employed as an intern when he complained about the detective to internal affairs. Assuming plaintiff will proceed on his failure to hire claim, however, plaintiff has also alleged a tenable retaliation claim. Plaintiff has alleged that he undertook a protected activity under Title VII (complaining about a detective who tried to coerce him into withdrawing his application). Plaintiff has also alleged that there is a causal link between his

---

[1] Plaintiff identifies as "brown." While the word brown is not defined in any case law regarding protected classes, the Court construes plaintiff's complaint liberally because he is pro se.
[2] The LVMPD is a named defendant in the narrative of plaintiff's complaint, along with the listed individual defendants at ECF No. 1-1 at 2.

5

complaint and the adverse employment action (reversing its previous decision regarding his admitted adolescent drug use and disallowing him from applying to work at the LVMPD again).  Plaintiff may proceed with his retaliation claim.

Plaintiff has not, however, pled any facts indicating that the defendant requested or obtained plaintiff's "genetic information" and discriminated against him based on that genetic information pursuant to GINA or Nevada law. The plaintiff has also not pled any facts that he acted as a whistleblower because he has not alleged that he disclosed gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. The Court thus dismisses plaintiff's GINA claim, his claim pursuant to NRS 613.345, and his whistleblower claim without prejudice. Since this Court will allow some of plaintiff's claims to proceed but dismisses other claims, the Court will stay this case for 30 days to give plaintiff an opportunity to file an amended complaint prior to the issuance of a summons. The plaintiff may also, if he wishes, voluntarily dismiss the claims that the Court dismisses now and proceed only on the remaining claims within 30 days.

ACCORDINGLY,

IT IS ORDERED that Tulipat's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Clerk of Court will include the LVMPD and the listed individual defendants, as described in this order, in the case caption and on the docket.

IT IS FURTHER ORDERED that Tulipat's complaint may proceed with his racial discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, and his racial discrimination claim pursuant to NRS 613.330, *et seq.*

IT IS FURTHER ORDERED that Tulipat's claims regarding violation of the whistleblower

protection act of 1989; violation of the Genetic Information Nondiscrimination Act (GINA); and violation of state law regarding genetic information nondiscrimination pursuant to NRS 613.345 are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Tulipat has until Wednesday, December 9, 2020 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation that the dismissed claims be dismissed with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that this action is STAYED pending further order from this Court.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of

any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 9th day of November 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE