**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHAEL A TULIPAT,

    Plaintiff,

vs.

JOSEPH LOMBARDO,

    Defendant.

Case No. 2:20-cv-01738-JAD-VCF

**Order**

AMENDED COMPLAINT (ECF NO. 5)

Before the Court is pro se plaintiff Michael A Tulipat's amended complaint. (ECF No. 5). The Court dismisses Tulipat's claims for violations of (1) NRS 613.400; (2) NRS 613.412; and (3) 613.210. NRS 613.400 without prejudice but will give him an opportunity to amend.

**I.  Background**

The Court previously found that plaintiff had stated a plausible (1) discrimination and retaliation claim under Title VII of the Civil Rights Act of 1964 and (2) racial discrimination claim pursuant to NRS 613.330, et seq because, among other allegations, he alleged that he is a person of a color, that he interned at the LVMPD, and that after he complained about the actions of a detective, the LVMPD reversed its previous decision regarding whether his admissions about past drug use in his application to work at the LVMPD would disqualify him. (*Id*. at 5-6). The Court dismissed Tulipat's claims for violation of the Whistleblower Protection Act of 1989; violation of the Genetic Information Nondiscrimination Act (GINA); and violation of state law regarding genetic information

nondiscrimination pursuant to NRS 613.345 without prejudice, finding these claims were not plausible. (ECF No. 3 at 7).

**II.   Discussion**

Plaintiff has now filed an amended complaint. (ECF No. 5). Plaintiff voluntarily dropped all the claims that the Court found were not plausible, but plaintiff has added three new claims. The Court reviews Tulipat's new claims to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

   **a.  Plaintiff's New Claims**

Tulipat brings new claims against the defendants for violations of (1) NRS 613.400; (2) NRS

613.412; and (3) 613.210. NRS 613.400 recognizes that preferential treatment to correct racial imbalances is not required. It appears that plaintiff has misinterpreted NRS 613.400 to mean that the LVMPD must correct racial imbalances by giving preferential treatment to people of color. The Court dismisses his claim for violation of NRS 613.400 for failure to state a claim.

NRS 613.412 states that a right-to-sue notice must indicate that the person may, not later than 90 days after the date of receipt of the right-to-sue notice, bring a civil action in district court against the person named in the complaint. Plaintiff alleges that he filed a complaint with the Equal Employment Opportunity commission, that it issued him a right-to-sue notice, and that he timely filed his complaint. (ECF No. 5 at 10). It is again unclear to the Court why plaintiff alleges that the defendants violated NRS 613.412. Under liberal pleading standard, it appears that plaintiff is trying to allege that he timely filed his lawsuit. The Court dismisses plaintiff's claim that defendants violated NRS 613.412 for failure to state a claim.

The Ninth Circuit has held that NRS 613.210, "is a criminal statute that does not confer a private right of action for blacklisting." *Shoemaker v. Northrop Grumman Technical Servs*., Inc., 567 F. App'x 481, 482 (9th Cir. 2014) (affirming the district court's holding on this issue). Plaintiff has not, and cannot, state a claim for violation of NRS 613.210 because it is a criminal statute. The Court dismisses this claim.

The Court will give plaintiff another 30 days to file an amended complaint. "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). Plaintiff's second amended complaint must be complete in and of itself, meaning that it should contain the claims that the Court found to be plausible: plaintiff's (1) discrimination and retaliation claim under Title VII of the Civil Rights Act of 1964 and (2) racial

discrimination claim pursuant to NRS 613.330, et seq ("Plausible Claims").  If plaintiff does not file an amended complaint, his case will proceed on the plausible claims only.

ACCORDINGLY,

IT IS ORDERED that Tulipat's claims regarding violations of (1) NRS 613.400; (2) NRS 613.412; and (3) 613.210. NRS 613.400 are (ECF No. 5) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Tulipat has until Monday, March 22, 2021 to file a second amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation that plaintiff's dismissed claims be dismissed with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

4

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 18th day of February 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE