# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MICHAEL A TULIPAT,<br><br>      Plaintiff,<br><br>vs.<br><br>JOSEPH LOMBARDO, *et al*.,<br><br>      Defendants. | Case No. 2:20-cv-01738-JAD-VCF<br><br>**Order**<br><br>**-and-**<br><br>**Report and Recommendation for Dismissal of Claims**<br><br>Amended Complaint (ECF No. 5) |

    Before the Court is plaintiff's second amended complaint. (ECF No. 5). The Court recommends that Tulipat's claims for (1) NRS 613.400; (2) NRS 613.412; and (3) 613.210 be dismissed. (*Id.*) The Court orders that plaintiff may proceed on his racial discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, and his racial discrimination claim pursuant to NRS 613.330, et seq. as stated in his operative amended complaint. (*Id.*)

    This Court previously granted pro se plaintiff Michael A Tulipat's application to proceed *in forma pauperis*, found that plaintiff had not plausibly alleged multiple claims (regarding violation of the whistleblower protection act of 1989; violation of the Genetic Information Nondiscrimination Act (GINA); and violation of state law regarding genetic information nondiscrimination pursuant to NRS 613.345) and dismissed those claims without prejudice. (See ECF Nos. 1, 1-1 and 3). The Court also

found that Tulipat had plausibly alleged other claims (his racial discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, and his racial discrimination claim pursuant to NRS 613.330, et seq.) and found that he may proceed with those claims. (ECF No. 3 at 6). The Court ordered that plaintiff's complaint be docketed (ECF No. 4)

Plaintiff timely amended (ECF No. 5): he did not attempt to reallege the three dismissed claims from his first proposed complaint, he realleged his plausible racial discrimination and retaliation claims, and he also added three new claims for violations of (1) NRS 613.400; (2) NRS 613.412; and (3) 613.210. The Court re-screened his complaint and dismissed his three new claims without prejudice. (ECF No. 6 at 4). The Court also noted that, "Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation that plaintiff's dismissed claims be dismissed with prejudice." Plaintiff has not to date filed another amended complaint and time to do so has passed.

For the reasons stated in the previous screening order, the Court orders that plaintiff may now proceed on his racial discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, and his racial discrimination claim pursuant to NRS 613.330, et seq. as stated in his operative amended complaint. (ECF No. 5). The Court also recommends that plaintiff's claims for violations of (1) NRS 613.400; (2) NRS 613.412; and (3) 613.210 be dismissed.

ACCORDINGLY,

IT IS RECOMMENDED that Tulipat's claims for violations of (1) NRS 613.400; (2) NRS 613.412; and (3) 613.210 be DISMISSED.

IT IS ORDERED that Tulipat may proceed on his remaining racial discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, and his racial discrimination claim pursuant to NRS 613.330, et seq. claims.

IT IS FURTHER ORDERED that the Clerk of Court is directed to issue the summons.

IT IS FURTHER ORDERED that plaintiff must file a notice with the Court stating that he has served the defendant within 20 days of service. Plaintiff must serve the defendants or file a motion for an extension of time to serve the defendant by Thursday, August 19, 2021. Failure to do so could result in dismissal.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED and ORDERED.

DATED this 21st day of May 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE