# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Michael A. Tulipat, | Case No.: 2:20-cv-01738-JAD-VCF |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss with Leave to Amend** |
| Joseph Lombardo, et al., | [ECF No. 11] |
| Defendants | |

Michael Tulipat brings this employment-discrimination action against the Las Vegas Metropolitan Police Department (Metro), Sheriff Joseph Lombardo, Lieutenant Patricia Cervantes, Human Resources Director Joseph Sobrio, and Sergeant Landon Law, alleging that he suffered employment discrimination and retaliation in Metro's hiring process because of his neck tattoo and drug history.[1]  Defendants move to dismiss, contending that Tulipat failed to effectuate proper service of process and does not state a claim upon which relief can be granted.[2] Having carefully reviewed the parties' submissions, I grant the motion, dismiss all claims against the individual defendants with prejudice because the law does not authorize those claims, dismiss Tulipat's claims against Metro with limited leave to amend by May 1, 2022, and order the U.S. Marshal to serve Metro with Tulipat's amended complaint to cure the defect in his prior service of process.[3]

---

[1] ECF No. 5.

[2] ECF No. 11.

[3] Metro refers to Tulipat's amended complaint at ECF No. 5 as his second-amended complaint. Tulipat has filed only two complaints in this case.  So I refer to the operative complaint at ECF No. 5 as his amended complaint.

**Discussion**

I.       **Motion-to-dismiss standard**

      Federal Rule of Civil Procedure (FRCP) 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[4] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[5] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[6] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[7] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[8]

      But FRCP 8 also requires federal courts to interpret all pleadings "so as to do justice."[9] And the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[10] A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

---

[4] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[5] *Twombly*, 550 U.S. at 570.

[6] *Iqbal*, 556 U.S. at 678.

[7] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[8] *Twombly*, 550 U.S. at 570.

[9] Fed. R. Civ. P. 8(e).

[10] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

claim which would entitle him to relief."[11]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[12]

## II.     Tulipat cannot state claims against the individual Metro defendants.

Tulipat brings all of his employment claims against Metro and individual Metro employees.  The Ninth Circuit has "consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees" who do not meet the statutory definition of "employer."[13]  Reasoning that Congress limited liability under Title VII to employers with 15 or more employees because it "did not want to burden small entities with the costs [of] litigating discrimination claims," a Ninth Circuit panel in *Miller v. Maxwell's International, Inc.* found that it was "inconceivable" that Congress intended to allow individual employees to be sued under Title VII.[14]  And while the Nevada Supreme Court has not determined whether an individual may be held liable under Nevada's Title VII equivalent, NRS 613.330, that court "routinely looks to the federal courts for guidance when interpreting [NRS 613.330], due to it[s] similarly to Title VII."[15]  As Nevada's counterpart similarly limits liability to employers with 15 or more employees,[16] I find that the Nevada Supreme Court would follow the Ninth Circuit's position and hold that NRS 613.330 does not extend liability to individual

---

[11] *Id.* (cleaned up).

[12] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[13] *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003).

[14] *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

[15] *Huluwazu v. Univ. and Comm. Coll. Sys. of Nevada*, 2006 WL 8445698, at *12 (D. Nev. Feb. 8, 2006) (citing *Pope v. Motel*, 114 P.3d 277, 280 (Nev. 2005)).

[16] Nev. Rev. Stat. § 613.310(2).

employees. So I dismiss all of Tulipat's causes of action against the individual Metro defendants with prejudice.

### III. Tulipat's discrimination and retaliation claims against Metro

#### A. Tulipat has not stated a claim for color discrimination.[17]

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual[] or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race [or] color."[18] A prima facie showing of Title VII discrimination requires a plaintiff to allege that (1) he is a member of a protected class (2) who was qualified for his position (3) but was subject to an adverse employment action (4) for a discriminatory reason or to which similarly situated individuals outside his protected class weren't subjected.[19]

Metro moves to dismiss Tulipat's claims against it because his amended complaint does not allege any of the elements of a discrimination claim.[20] Metro contends that Tulipat failed to allege that he is a member of a protected class, but Tulipat used the court's form complaint for employment discrimination and checked the box indicating that the defendants discriminated against him based on his color, which he identifies as "Brown."[21] At this stage, I find that this

---

[17] Because the federal-law and state-law employment discrimination statutes are materially similar, I primarily discuss the federal law (Title VII) in this section, but my analysis applies with equal force to Tulipat's state-law claim.

[18] 42 U.S.C. § 2000e-2(a). Previous orders referred to Tulipat's Title VII claim as one for racial discrimination. *See, e.g.*, ECF No. 3; ECF No. 7. Because his complaint checks the box for color discrimination, I construe it as such. ECF No. 5 at 4. If Tulipat intended to allege racial discrimination as well, he may seek to amend his complaint to so allege.

[19] *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123–24 (9th Cir. 2000).

[20] ECF No. 11 at 8.

[21] ECF No. 5 at 4.

box-checking allegation adequately alleges that Tulipat is a member of a protected class based on his color.[22] Metro also contends that Tulipat has not alleged that he is otherwise qualified for the position he sought. Liberally construed, I find that Tulipat's statements concerning his ability to pass qualification tests and his progression through academy training adequately allege that he was so qualified.[23]

But Tulipat's amended complaint lacks facts tying Metro's decision not to hire him to his color. He alleges instead that Metro disqualified him from employment because of his neck tattoo (which he was in the process of removing during the application process) or his minimal prior drug history, but he does not allege that Metro's adverse employment decisions were in any way related to his skin color. Nor has he sufficiently alleged that Metro treated similarly situated persons—i.e., people with neck tattoos and prior drug histories—who are not in his protected class differently. I therefore dismiss Tulipat's Title VII and NRS 613.330 color-discrimination claims against Metro.

### B.     Tulipat has not stated a claim for Title VII retaliation.

Title VII makes it unlawful for an employer to retaliate against a job applicant "because he has opposed any practice made an unlawful employment practice [under Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."[24] To establish a prima facie case of retaliation, Tulipat must show that (1) he engaged in a protected activity and (2) Metro did not

---

[22] The EEOC defines color discrimination as "when a person is discriminated against based on the lightness, darkness, or other color characteristic of the person." EEOC Compliance Manual § 5–III, *What is "Color" Discrimination*, 2006 WL 4673426, at *1 (June 1, 2006).

[23] Metro does not dispute that Tulipat has adequately pled that he was subject to an adverse employment action.

[24] 42 U.S.C. § 2000e-3(a).

hire him (3) because of that protected activity.[25]  Tulipat fails to allege facts that meet any of these elements.  He recounts conversations he had with various Metro employees, but he never identifies what protected activity he engaged in or why he believes Metro did not hire him because he engaged in that protected activity.  I thus dismiss Tulipat's retaliation claims against Metro.

## IV.     Leave to amend

Because I am not yet convinced that Tulipat can plead no set of facts that would entitle him to relief on his discrimination or retaliation claims against Metro, I grant him leave to file a second-amended complaint.  If Tulipat chooses to file a second-amended complaint, he is cautioned that an amended complaint replaces all prior complaints, so the second-amended complaint must be complete in itself.[26]  Tulipat's second-amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit.[27]  However, because the court has dismissed the causes of action against the individual defendants with prejudice, the second-amended complaint may not include causes of action against the individual defendants.  Additionally, Tulipat may not add new legal claims.  This opportunity to

---

[25] *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034–35 (9th Cir. 2006); *see also Ruggles v. Cal. Polytechnic. State Univ.*, 797 F.2d 782, 786 (9th Cir. 1986).

[26] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

[27] In his response to Metro's motion to dismiss, Tulipat also "moves" for an extension of time to file a lengthier response and for pre-pleading discovery. ECF No. 15.  Tulipat is advised that under this district's local rules, he must file a separate document "for each type of relief requested" from this court.  Local Rule IC 2-2(b).  Because I have given Tulipat leave to amend his complaint to correct the deficiencies identified in this order, I decline to consider his motion to extend time.  And the magistrate judge has granted a motion to stay discovery in this case. ECF No. 21.  Tulipat has not demonstrated why I should overrule that determination at this early stage of the litigation.

amend is for the limited purpose of adding true facts to satisfy the missing elements of the discrimination and retaliation claims against Metro.

### V.  I order the U.S. Marshal to effectuate service on Tulipat's behalf.

Metro also moves to dismiss under FRCP 4(c) because Tulipat personally served his complaint.  FRCP 4(c) specifies that service may be effectuated by "[a]ny person who is at least 18 years old and not a party."[28]  Because Tulipat is a party, he may not serve the summons and complaint in his case.  But Tulipat requests leniency, citing his lack of familiarity with litigation procedures, and Metro does not object "to granting [him] leave to properly serve the Metro [d]efendants."[29]  Tulipat also asks that I order the U.S. Marshal Service to assist with effectuating service under FRCP 4(c)(3).[30]  As Tulipat proceeds *in forma pauperis* in this action, he is entitled to service of process by the U.S. Marshal.[31]  Tulipat is also advised that while his *in forma pauperis* status entitles him service by the U.S. Marshal, he still must pay the fees the Marshal charges to effectuate that service.

### Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 11] is GRANTED**.  Tulipat's claims against Joseph Lombardo, Joseph Sobrio, Patricia Cervantes, and Landon Law are **DISMISSED with prejudice**.  Tulipat's claims against the Las Vegas Metropolitan Police Department are **DISMISSED with leave to amend**.

---

[28] Fed. R. Civ. P. 4(c)(2).

[29] ECF No. 15 at 2.

[30] ECF No. 14 at 3; Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal . . . . The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

[31] Fed. R. Civ. P. 4(c)(3).

IT IS FURTHER ORDERED that if Tulipat chooses to file a second-amended complaint, he must do so by **May 1, 2022**.  If Tulipat does not file an amended complaint by this deadline, this case will be dismissed and closed without further notice.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to deliver** a copy of (1) Tulipat's amended complaint [ECF No. 5], (2) the summons for the Las Vegas Metropolitan Police Department [ECF No. 8 at 9–10], and (3) this order to the U.S. Marshal for service.

IT IS FURTHER ORDERED that to allow the Marshal to complete service, Tulipat must provide the Marshal with the required Form USM-285.  Tulipat must provide that completed form to the Marshal **within 20 days of this order**.  Tulipat can obtain the USM-285 form at www.usmarshals.gov/process/usm285.pdf.  Tulipat is reminded that this case proceeds against Metro only, so he must complete only one USM-285 form with Metro's information.  Within 20 days after receiving notice from the U.S. Marshal showing whether service has been accomplished, Tulipat must file a notice with the court identifying whether Metro was served.

_____
U.S. District Judge Jennifer A. Dorsey
March 31, 2022